UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JOAN SCHAFER,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOAN SCHAFER (hereinafter "Plaintiff"), sues Defendant, NCL (BAHAMAS) LTD. (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, JOAN SCHAFER, is a citizen and resident of Jasper, Tennessee.

2. Defendant, NCL (BAHAMAS) LTD., is a foreign entity with its principal place of business in Miami, Florida at 7665 Corporate Center Drive, Miami, Florida 33126.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard NORWEGIAN ESCAPE.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled NORWEGIAN ESCAPE. The ship was designed, in whole or in part, by Defendant and built exclusively for Defendant with Defendant intimately involved in the ship's build, including that of its cabin bathrooms.

8. At all times material hereto, Defendant had exclusive custody and control of NORWEGIAN ESCAPE.

9. On September 5, 2023, Plaintiff was a passenger aboard NORWEGIAN ESCAPE which was in navigable waters.

10. On September 5, 2023, as Plaintiff was exiting the shower in her cabin, she tripped and fell over a hidden and inconspicuous step/ledge between the shower and bathroom floor. As she fell, Plaintiff was unable to hold on to anything given the absence of appropriate railings/grab bars. Prior to her fall the danger of the hidden, inconspicuous, and unreasonably high step/ledge around the shower was unknown and neither apparent nor obvious to Plaintiff given that this that the incident occurred on only the second day of the cruise and Plaintiff had not previously made us of the shower. Previously, other passengers on Defendant's ships have been injured under similar, if not identical, circumstances as a result of Defendant's failure to exercise reasonable care and knowing maintenance of a hidden dangerous condition. *Hsing-Ho v. NCL (Bahamas) Ltd.*, Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016). A single prior incident is sufficient to place a cruise line on notice of a dangerous condition. *Milbrath v. NCL (Bahamas) Ltd.*, 2018 U.S.Dist.Lexis 39123 (S.D.Fla. 2018).

11. As a consequence, as she fell, Plaintiff struck her head on the bathroom vanity, lost consciousness, and suffered a seizure. Plaintiff sustained a serious head injury and had to be transported to Defendant's ship's infirmary. While in Defendant's infirmary, Plaintiff came under

the care of Defendant's medical staff, including Defendant's physician Heidy Bacca, who falsely documented that Plaintiff had advised her husband that she was "scared" prior to going into the bathroom and documented only that upon the medical staff's arrival at the cabin, Plaintiff's husband advised that "she is having a seizure," but failed to document that this was as a result of her fall. As the ship was at port in Portland, Maine, Plaintiff was emergently disembarked and transported to a local hospital where she was admitted.

12. Further, while Plaintiff was in Defendant's infirmary, Defendant's security staff prohibited her husband, Paul Schafer, from leaving the infirmary and returning the cabin to retrieve the couple's belongings and take photographs of the scene. The couple's belongings' were collected and packed up by Defendant.

13. As a further consequence, Plaintiff has also necessitated continued medical care following her return home for serious neurological sequelae from the head injury, as well as post-concussion syndrome.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). This duty of reasonable care mandates that Defendant not maintain its ship – in this case, the unreasonably high step/ledge between the shower and bathroom floor, in a dangerous condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

16. On or about September 5, 2023, Defendant, and/or its agents, employees, and/or

servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about September 5, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to provide Plaintiff with a reasonably safe cabin bathroom; and/or
   c. Failure to inspect and maintain the cabin bathroom floor in a reasonably safe manner for use by passengers, including Plaintiff, rendering the bathroom unsafe for Plaintiff; and/or
   d. Allowing a hidden, inconspicuous, and unreasonably high step/ledge to be designed and installed around the bathroom shower rendering the bathroom unsafe for Plaintiff; and/or
   e. Allowing a hidden, inconspicuous, and unreasonably high step/ledge to exist around the bathroom shower rendering the bathroom unsafe for Plaintiff; and/or
   f. Failure to equip the bathroom with appropriate railings/grab bars rendering the bathroom unsafe for Plaintiff; and/or
   g. Failure to provide a warning to alert Plaintiff to the hidden, inconspicuous, and unreasonably high step/ledge around the bathroom shower rendering the bathroom unsafe for Plaintiff; and/or
   h. Failure to comply with safety codes, including the Life Safety Code, and standards designed and promulgated to reduce the risk of the type of accident suffered by Plaintiff; and/or
   i. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or
   j. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident suffered by Plaintiff; and/or
   k. Failure to take steps as a result of prior similar, if not identical, incidents to reduce and/or prevent the type of accident suffered by Plaintiff. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016).

18. Defendant created the foregoing conditions causing Plaintiff's accident.

19. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016).

20. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016). Despite this, Defendant failed to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of her cruise as she had to be disembarked.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Although part of reasonable care, this duty to warn is separate and apart from the duty not maintain a its ship in a dangerous condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

23. On or about September 5, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to warn Plaintiff of a dangerous condition which was not apparent to her but of which Defendant knew or of which, in the exercise of reasonable care, Defendant should have known because of prior similar incidents. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016).

24. On or about September 5, 2023, Plaintiff was injured due to the fault and/or

negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Failure to warn Plaintiff of a dangerous non-obvious condition – to wit, the unreasonably high step/ledge around the bathroom shower, by means of a warning sign, warning tape, differentiating color, or other device, which Defendant knew to be dangerous; and/or

    b. Failure to warn Plaintiff of a dangerous non-obvious condition – to wit, the unreasonably high step/ledge around the bathroom shower, by means of a warning sign, warning tape, differentiating color, or other device, which, in the exercise of reasonable care, Defendant should have known was dangerous; and/or

    c. Failure to warn Plaintiff of a dangerous non-obvious condition – to wit, the risk of injury from the unreasonably high step/ledge around the bathroom shower, by means of a warning sign, warning tape, differentiating color, or other device, which Defendant knew to be dangerous; and/or

    d. Failure to warn Plaintiff of a dangerous non-obvious condition – to wit, the risk of injury from the unreasonably high step/ledge around the bathroom shower, by means of a warning sign, warning tape, differentiating color, or other device, which, in the exercise of reasonable care, Defendant should have known was dangerous.

25. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016). Alternatively, to the extent the floor of the cabin bathroom is considered unique to a cruise ship, and thus uniquely maritime, Plaintiff need not establish notice. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011).

27. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Hsing-Ho v. NCL (Bahamas) Ltd.,* Case No. 16-Civ-23807-Cooke (S.D.Fla. 2016). Despite this, Defendant failed to take steps as a result of prior similar incidents to warn its passenger, including Plaintiff, of this condition.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was

injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  Further, Plaintiff lost the value of her cruise as she had to be disembarked.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.


DATE:  February 29, 2024

>Respectfully submitted,
>
>**EDUARDO J. HERNANDEZ, LLC**
>*Attorneys for Plaintiff*
>10691 N. Kendall Drive – Suite 109
>Miami, Florida 33176
>Telephone: (305) 567-0910
>Facsimile: (786) 454-8905
>
>By:   */s/ Eduardo J. Hernandez*
>EDUARDO J. HERNANDEZ
>Florida Bar No. 061451
>ehernandez@ejh-law.com